UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| JOHN A. GRUNAU, )<br>                **Plaintiff,** )<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF SOCIAL )<br>SECURITY,[1] )<br>                **Defendant.** ) | Case No. 06-2083 |

# ORDER

In June 2005, Administrative Law Judge Barbara Welsch (hereinafter "ALJ") denied Plaintiff John Grunau's request for reconsideration of his social security retirement insurance benefits determination.  The ALJ found that Plaintiff was not exempt from the "windfall elimination provision" (hereinafter "WEP") which reduces a retiree's primary social security retirement insurance amount.  In April 2006, Plaintiff filed a Complaint To Review Decision of Social Security (#1) seeking judicial review of the final decision by the Regional Commissioner of Social Security Administration (hereinafter "SSA") denying the request for reconsideration. The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.

In September 2006, Plaintiff filed a Motion for Summary Judgment (#7).  In November 2006, Defendant filed a Motion for An Order Which Affirms the Commissioner's Decision (#11).  After reviewing the administrative record and the parties' memoranda, this Court **DENIES** Plaintiff's Motion for Summary Judgment **(#7)**.

### I.  Background

Plaintiff is seventy-eight years old.  In July 2001, Plaintiff applied for retirement insurance benefits.  (R. 18-19.)  In the application, Plaintiff noted that he is entitled to a state-funded pension from the State University Retirement System (hereinafter "SURS") (R. 18-19) and that he first became eligible to retire in October 1985.  In response to the application, the

---

[1]Pursuant to FED. R. APP. P.  43(c), we have substituted Michael J. Astrue for Jo Anne B. Barnhart as the named defendant-appellee.

SSA sent Plaintiff a Notice of Award informing him that he was entitled to $232.00 per month in Retirement Insurance Benefits beginning April 2001. (R. 35-38.) This award reflected a reduction in the primary insurance amount based on the WEP. (*See* 42 U.S.C. § 415(a)(7)(A).)

On reconsideration, the SSA stated that SURS "has provided clear and conclusive evidence that eligibility could not exist prior to [Grunau's] redeposit of withdrawn contributions in 1996." (R. 54.) Thus, Plaintiff first became eligible to receive his pension in 1996 after he repaid the amount of pension contributions that he had previously withdrawn from SURS. As a result, the SSA confirmed Plaintiff's benefit award.

Plaintiff then requested a hearing which the ALJ held in March 2005. In June 2005, the ALJ issued a decision rejecting Plaintiff's argument that his benefits were incorrectly determined and confirming the SSA's benefit determination. (R. 11-13.) The ALJ made the following findings: (1) the claimant was born on February 14, 1929; (2) the claimant has been entitled to retirement insurance benefits since April 2001; (3) since April 2001, the claimant also has been entitled to a monthly pension based on work not covered under the Social Security Act; (4) the claimant is not exempt from the modified benefit formula established by Section 215(a)(7) of the Social Security Act (42 U.S.C. § 415(a)(7)(A)); and (5) the amount of the claimant's retirement insurance benefits has been correctly determined.

Plaintiff appealed to the Appeals Council, which denied his request for review, concluding that his argument did not provide a basis for the Appeals Council to assume jurisdiction. (R. 3-6.)

In April 2006, Plaintiff filed a complaint seeking review of the final administrative decision. In September 2006, Plaintiff filed a Motion for Summary Judgment (#7), and in November 2006, Defendant filed a Motion for an Order which Affirms the Secretary's Decision (#11).

## II.  Standard of Review

It is the Commissioner's task to interpret and apply the Social Security Act.  *Schweiker v. Gray Panthers*, 453 U.S. 34, 43 (1981).  Accordingly, the Court must give considerable weight to the Commissioner's construction of the Act.  *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984).  We may not substitute our own construction for that of Commissioner where the Commissioner's construction is reasonable.  *Id.*

## III.  Analysis

The WEP of the Social Security Act eliminates the situation where an individual with both covered (by the Social Security Act) and noncovered wages would receive both full social security benefits and pension benefits provided by the noncovered employer.  It provides a modified formula for calculating Social Security benefits that reduces the amount of social security benefits an individual can receive if the individual is also eligible to receive benefits from another pension program.  *See* 42 U.S.C. § 415(a)(7)(B).  The WEP provides an exception to those individuals who "first became eligible" for their civil service pension before the WEP's effective date of January 1, 1986; that is, the WEP reduction does not apply to those individuals.  *Id.*

The sole issue in this case is whether the ALJ erred when she determined that Plaintiff first became eligible to receive his SURS pension after 1986, and therefore is not exempted from the WEP.

According to Social Security Regulations,  "[w]e consider you to first become eligible for a monthly pension in the first month for which you met all requirements for the pension except that you were working or had not yet applied."  20 C.F.R. § 404.213(a)(3).

Plaintiff argues that he first became eligible for his SURS pension prior to 1986 because he could have elected to immediately receive a monthly payment from SURS by ceasing work, submitting an application to SURS, and repaying SURS the amount of money he borrowed against his pension in 1984.  (*See* SURS letter, dated May 16, 2002, R. 43.)

In her decision, the ALJ explained that the regulations state that the only requirements an individual need *not* meet to become eligible are (1) ceasing work and (2) applying. *See* 20 C.F.R. § 404.213(a)(3). Repaying withdrawn funds is not one of the two exceptions. Thus, Plaintiff was required to repay the money he withdrew from SURS before he could be considered eligible. It is undisputed that Plaintiff withdrew some of his pension contributions in 1984 and did not repay them until 1996. (R. 22, 53.) The ALJ concluded that because Plaintiff did not repay the money he borrowed against his pension before 1986, he was not eligible to receive his SURS pension before 1986 either. In light of the regulations which do not list repayment as one of the exceptions to eligibility, this is a reasonable conclusion.

Plaintiff also argues that his ultimate repayment of the amount he withdrew from his pension in 1996 relates back to his originally projected retirement date of October 1, 1985. (*See* SURS letter, dated July 23, 2001, stating "[t]he earliest you could have retired, on repayment of contributions and interest, was October 1, 1985, with an annuity for 15.25 years of Illinois service.") However, because he withdrew money from his pension fund and did not repay it until 1996, his eligible retirement date changed. A letter from SURS dated July 30, 2001, states as follows:

> The first eligible date to retire for this member is somewhat complicated. He took a refund of 13.25 years of service credit on 2/1/84. This member later returned to SURS employment and would have been eligible to repay the refund on 9/15/85; therefore, being first eligible to retire on 10/1/85. However, this member didn't repay the refund until 7/29/96. He was eligible to retire on 3/1/91 because he turned age 62 with 5.0 years of service credit.

SURS letter, dated July 30, 2001, R.22. Thus, according to SURS, Plaintiff first became eligible to retire in March 1991.

The ALJ's determination that Plaintiff first became eligible to receive his SURS pension after 1985 was supported by substantial evidence, including the information from SURS and the social security regulations. As long as the Commissioner's interpretation is reasonable, it is entitled to deference. *See Chevron,* 467 U.S. at 844. Accordingly, the Court grants Defendant's motion for an order affirming the Commissioner's decision.

## IV.  Summary

For the reasons set forth above, this Court **DENIES** Plaintiff's Motion for Summary Judgment **(#7)**.

ENTER this 26th day of April, 2007.

                                                  s/ DAVID G. BERNTHAL
                                                  U.S. MAGISTRATE JUDGE